STATE OF MAINE                          SUPERIOR COURT
Sagadahoc, ss.                          Docket No. RE-11-17
                                        A M H  - ꞋꞋ Ꞓ - 5/7/2012


US BANK NATIONAL ASSOCIATION,
AS TRUSTEE ON BEHALF OF THE
HOLDERS OF THE TERWIN
MORTGAGE TRUST 2006-7 ASSET-
BACKED CERTIFICATES, TMTS
SERIES 2006-7

                    Plaintiff,
                                        **ORDER ON MOTION**
        v.                              **FOR SUMMARY**
                                        **JUDGMENT**

MATTHEW MINARY AND KERI
MINARD

                    Defendants,


        The plaintiff moves for summary judgment in an action for foreclosure

brought pursuant to 14 M.R.S.A. § 6321, et seq.  Regardless of whether the

defendant has filed an objection, this motion is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure

actions.  M.R. Civ. P. 56(j).[1]  The court has an independent obligation to ensure

compliance with this rule.  M.R. Civ. P. 56(j) advisory committee's note to 2009

amend.[2]

---

[1] M.R. Civ. P. 56(j) states:
> No summary judgment shall be entered in a foreclosure action filed
> pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except
> after review by the court and determination that (i) the service and notice
> requirements of 14 M.R.S. § 6111 and these rules have been strictly
> performed; (ii) the plaintiff has properly certified proof of ownership of
> the mortgage note and produced evidence of the mortgage note, the
> mortgage, and all assignments and endorsements of the mortgage note
> and the mortgage; and (iii) mediation, when required, has been completed
> or has been waived or the defendant, after proper service and notice, has
> failed to appear or respond and has been defaulted or is subject to default.

[2] The Advisory Committee note states:

1

The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. It is not sufficient that the record contains all of the required information; the facts must be specifically stated in the statement of material facts and supported by proper record references. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 16, 28 A.3d 1150. "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.R. Civ. P. 56(h)(4); *see also Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 12 n. 4, 985 A.2d 508 (citing *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 5, 770 A.2d 653); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1150.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

|  | Compliant or N/A | Non-compliant or unclear |
|---|---|---|
| **Service:** Proof of service on all defendants and parties in interest. | ✗ | |
| **Jurisdiction and Venue:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✗ | |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of | ✗ | |

This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.
M.R. Civ. P 56(j) advisory committee's note.

| | Compliant or N/A | Non-compliant or unclear |
|---|:---:|:---:|
| property (including street address if any on first page of complaint). | | |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | ✗ | |
| **Note**: Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | ✗ | |
| **Breach**: A breach of condition in the mortgage. | ✗ | |
| **Amount Due**: The amount due on the mortgage note, including any reasonable attorney fees and court costs. | | ✗ |
| **Priority**: The order of priority and amounts due to other parties in interest, including any public utility easements. | | ✗ |
| **Notice**: Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed (including that contents of the notice comply with § 6321-A). | ✗ | |
| **M.R. Civ. P. 56**: All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ✗ | |
| **Mediation**: If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | ✗ | |
| For cases filed after Dec. 31, 2009, in accordance with M.R. Civ. P. 93(c)(4), proof that plaintiff served defendant(s) financial forms used to consider alternatives to foreclosure at the time of the complaint. | ✗ | |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗ | |

The court denies the Plaintiff's motion on the following grounds unless additional support is submitted as ordered below:

**Amount Due**

The Plaintiff supports the amounts sought with the sworn testimony of the Plaintiff's servicer and attorney. However there are no business records attached to the Plaintiff's Affidavit to support these figures. The affiant does not purport to have personal knowledge of the amounts due independent of her review of the records kept in the course of business. Therefore, her testimony is insufficient support for a statement of material fact.

**Priority**

The Plaintiff's statement of the order of priority is fine except for the reference to the amounts due which is unsupported, as noted above. Accordingly,

the Court **ORDERS** that the Plaintiff may submit further evidence and documentation by affidavit and additional Rule 56(h) statements within 30 days of the date of this Order, to which the defendant may respond. If nothing further is received, the Motion is **DENIED**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _May 7, 2012_

_____
A. M. Horton
Justice, Superior Court

4

US BANK NATIONAL ASSOCIATION - PLAINTIFF

Attorney for: US BANK NATIONAL ASSOCIATION
JULIA PITNEY   - RETAINED 06/13/2011
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101


vs
MATTHEW J MINARD  - DEFENDANT
2453 WEST SPRING STREET
LIMA OH 45805
KERI MINARD  - DEFENDANT
2453 WEST SPRING STREET
LIMA OH 45805

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-RE-2011-00017

**DOCKET RECORD**